**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

JOHN MORTON BAUMANN,

                                   CASE NO.: 2:26-cv-2122

        Plaintiff,

v.

ELAINE MARIE WESTPHAL, individually,
KATHLEEN A. SMITH, in her official
capacity as Public Defender for the
Twentieth Judicial Circuit, and
THE PAVILION AT HEALTHPARK LLC
d/b/a  PARK ROYAL HOSPITAL,

        Defendants.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

       Plaintiff, JOHN MORTON BAUMANN, by and through undersigned counsel, sues Defendants, ELAINE MARIE WESTPHAL, individually, KATHLEEN A. SMITH, in her official capacity as Public Defender for the Twentieth Judicial Circuit, and THE PAVILION AT HEALTHPARK LLC d/b/a PARK ROYAL HOSPITAL, and alleges:

**PARTIES, JURISDICTION, AND VENUE**

1. This Court has original jurisdiction over Count VI pursuant to 28 U.S.C. § 1331 because that count arises under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. This Court has supplemental jurisdiction over Counts I through V pursuant to 28 U.S.C. § 1367(a) because

those claims are so related to Count VI that they form part of the same case or controversy under Article III of the United States Constitution.

2. In the alternative, this Court has original jurisdiction over all claims pursuant to 28 U.S.C. § 1332(a) because, as alleged below, there is complete diversity of citizenship between Plaintiff and each Defendant and the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorney's fees.

3. John Morton Baumann ("Mr. Baumann") is a citizen of, and domiciled in, the Commonwealth of Virginia, born October 6, 1960. Mr. Baumann was the individual who was the subject of the Baker Act proceeding styled *In re: John Baumann*, Case No. 24-MH-001795, in the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida.

4. At all times material, Defendant, Elaine Marie Westphal ("Westphal"), was and is a citizen of, and domiciled in, the State of Florida. Westphal was an attorney licensed to practice law in the State of Florida and was employed by, or acting as counsel through, the Office of the Public Defender for the Twentieth Judicial Circuit. She is sued in her individual capacity for conduct alleged herein to have been committed in bad faith, with malicious purpose, and/or in a manner exhibiting wanton and willful disregard of Mr. Baumann's rights, within the meaning of section 768.28(9)(a), Florida Statutes.

5. At all times material, Defendant, Kathleen A. Smith, Esq. ("the Public Defender"), was and is the duly elected Public Defender for the Twentieth Judicial Circuit, a constitutional officer of the State of Florida. She is sued solely in her official capacity. The Office of the Public Defender for the

Twentieth Judicial Circuit is a state agency or subdivision within the meaning of section 768.28, Florida Statutes, and is responsible for the acts and omissions of its employees and agents committed within the course and scope of their employment.

6. At all times material, Defendant, THE PAVILION AT HEALTHPARK LLC d/b/a PARK ROYAL HOSPITAL ("Park Royal"), is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Tennessee. Park Royal was a private hospital and designated Baker Act receiving and/or treatment facility located at 9241 Park Royal Drive, Fort Myers, Lee County, Florida 33908. Park Royal is a private entity and is not a state agency or subdivision; accordingly, the claim against Park Royal is not subject to the notice requirements or limitations of section 768.28, Florida Statutes.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to the claims occurred in Lee County, Florida, within the Fort Myers Division of this District, and because Mr. Baumann was confined within this District.

## CONDITIONS PRECEDENT

8. All conditions precedent to the maintenance of this action have occurred, have been performed, or have been waived.

9. As to the claims subject to section 768.28, Florida Statutes, Mr. Baumann timely served written notice of his claim, in compliance with section 768.28(6), upon the Public Defender for the Twentieth Judicial Circuit and upon the Florida Department of Financial Services on or about May 28, 2025. The notice was sufficiently direct and specific to reasonably put the agency

on notice of the existence of the claim and demand, and described and identified the occurrence so that the agency could investigate it. There exists no prior adjudicated unpaid claim against the State or its agencies or subdivisions in excess of $200.

## GENERAL ALLEGATIONS

10. On July 9, 2024, at approximately 3:30 p.m., Mr. Baumann was taken into custody for an involuntary examination under the Florida Mental Health Act (the "Baker Act"), sections 394.451–394.47892, Florida Statutes, at the emergency department of Sarasota Memorial Hospital.

11. Under section 394.463(2)(f), Florida Statutes, a patient may be held for involuntary examination for no more than 72 hours. Mr. Baumann's 72-hour involuntary examination period began on July 9, 2024, at 3:30 p.m., and expired on Friday, July 12, 2024, at 3:30 p.m. No intervening medical emergency tolled or extended the 72-hour examination period.

12. A first professional opinion supporting involuntary placement was executed at Park Royal Hospital on July 12, 2024, at 9:38 a.m. A second professional opinion was executed on July 13, 2024, at 2:10 p.m. The Petition for Involuntary Inpatient Placement (the "Involuntary Petition") was signed and filed on July 15, 2024, at 5:32 p.m.

13. At all times material after his transfer, Mr. Baumann was held in the custody of and confined at Park Royal Hospital, which had physical custody of and responsibility for him. Park Royal was the petitioner on the Involuntary Petition and was the facility recommended for his involuntary placement.

14. The second opinion and the Involuntary Petition were executed and filed after the expiration of the 72-hour involuntary examination period. Pursuant to section 394.463(2)(g)4., Florida Statutes, "the court shall dismiss an untimely filed petition." A reasonable inquiry into the facts and the timeline would have revealed that the Involuntary Petition was untimely and subject to mandatory dismissal.

15. A hearing on the Involuntary Petition in Case No. 24-MH-001795 was held on July 19, 2024, before General Magistrate Christopher William Whitney.

16. Westphal appeared at the July 19, 2024 hearing as "Counsel for Party who is subject of Petition," that is, as counsel purporting to represent Mr. Baumann.

17. At the July 19, 2024 hearing, Westphal represented to General Magistrate Whitney that Mr. Baumann had received notice of the hearing, understood his right to attend the hearing, understood the nature and purpose of the hearing, had the capacity to knowingly waive his appearance at the hearing, and had chosen not to attend.

18. Each of the foregoing representations was false. Westphal did not provide Mr. Baumann with notice of the hearing. Mr. Baumann did not receive notice of the hearing. Mr. Baumann did not waive his appearance at the hearing and did not otherwise choose not to attend. Mr. Baumann did not authorize Westphal to waive his appearance.

19. In reliance on Westphal's representations, and citing *Mouliom v. Northeast Fla. State Hospital*, 128 So. 3d 979 (Fla. 1st DCA 2014), General Magistrate Whitney found that Mr. Baumann had knowingly, intelligently, and

voluntarily waived his appearance and waived Mr. Baumann's appearance at the hearing.

20. Westphal further requested a continuance of the hearing on the Involuntary Petition to Friday, July 26, 2024. Mr. Baumann did not authorize Westphal to request a continuance. General Magistrate Whitney granted the continuance to July 26, 2024.

21. The only interaction Mr. Baumann ever had with Westphal was when Mr. Baumann asked her whether she represented him, and Westphal advised that Mr. Baumann was not on her list. Westphal made no inquiry into the facts of Mr. Baumann's case.

22. Had Westphal made any reasonable inquiry into the facts of Mr. Baumann's case, she would have learned that the Involuntary Petition was untimely under section 394.463(2)(g)4. and was subject to mandatory dismissal, and that Mr. Baumann was entitled to be released.

23. As a direct and proximate result of Westphal's false representations, her unauthorized waiver of Mr. Baumann's appearance, and her unauthorized request for a continuance, the hearing on the untimely Involuntary Petition was continued rather than the petition being dismissed, and Mr. Baumann's confinement was unlawfully prolonged.

24. Mr. Baumann was confined against his will from at least Friday, July 12, 2024, at 3:30 p.m. — the moment the 72-hour involuntary examination period expired — until at least July 23, 2024.

25. Mr. Baumann's confinement after the expiration of the 72-hour involuntary examination period was without lawful authority and without his consent.

26. As a direct and proximate result of the conduct alleged herein, Mr. Baumann suffered damages, including loss of liberty, mental anguish, emotional distress, humiliation, loss of enjoyment of life, and other damages to be proven at trial.

## COUNT I — FALSE IMPRISONMENT

*(Against Kathleen A. Smith, in her official capacity, and Elaine Marie Westphal, individually)*

Plaintiff realleges and incorporates by reference paragraphs 1 through 26 above as if fully set forth herein.

27. Defendants intentionally caused Mr. Baumann to be restrained, detained, and confined against his will after the lawful basis for his detention had expired.

28. The restraint and confinement of Mr. Baumann after July 12, 2024, at 3:30 p.m., was unlawful and without legal authority, because the 72-hour involuntary examination period had expired and the Involuntary Petition was untimely and subject to mandatory dismissal under section 394.463(2)(g)4., Florida Statutes.

29. Mr. Baumann did not consent to the continued confinement, and the confinement was unreasonable and unwarranted under the circumstances.

30. By making false representations to the court that Mr. Baumann had waived his appearance and by requesting an unauthorized continuance, Westphal caused, procured, and unlawfully prolonged Mr. Baumann's confinement.

31. As a direct and proximate result of the false imprisonment, Mr. Baumann suffered the damages described above.

WHEREFORE, Plaintiff, JOHN MORTON BAUMANN, respectfully requests that this Court enter judgment in his favor and against Defendant, KATHLEEN A. SMITH, in her official capacity, and ELAINE MARIE WESTPHAL, individually, on Count I, and award:

(a) Compensatory damages;
(b) Punitive damages;
(c) Pre-judgment and post-judgment interest as allowed by law; and
(d) Such other and further relief as this Court deems just and proper.

## COUNT II — FALSE IMPRISONMENT

*(Against Park Royal Hospital)*

Plaintiff realleges and incorporates by reference paragraphs 1 through 26 above as if fully set forth herein.

32. Park Royal Hospital had physical custody of Mr. Baumann and confined, restrained, and detained him as a Baker Act receiving and/or treatment facility.

33. Mr. Baumann's 72-hour involuntary examination period expired on Friday, July 12, 2024, at 3:30 p.m. After that time, no timely petition for involuntary placement had been filed; the Involuntary Petition that was ultimately filed on July 15, 2024, was untimely and subject to mandatory dismissal under section 394.463(2)(g)4., Florida Statutes.

34. After the expiration of the 72-hour involuntary examination period, Park Royal Hospital had no lawful authority to continue to confine Mr. Baumann.

35. Notwithstanding the absence of lawful authority, Park Royal Hospital intentionally continued to restrain, detain, and confine Mr. Baumann

against his will from at least Friday, July 12, 2024, at 3:30 p.m., until at least July 23, 2024.

36. Mr. Baumann did not consent to the confinement, and the confinement was unreasonable and unwarranted under the circumstances.

37. Park Royal Hospital knew, or in the exercise of reasonable care should have known, that the 72-hour involuntary examination period had expired, that no timely petition had been filed, and that it lacked lawful authority to continue to confine Mr. Baumann.

38. As a direct and proximate result of Park Royal Hospital's unlawful confinement of Mr. Baumann, Mr. Baumann suffered the damages described above.

WHEREFORE, Plaintiff, JOHN MORTON BAUMANN, respectfully requests that this Court enter judgment in his favor and against Defendant, THE PAVILION AT HEALTHPARK LLC d/b/a PARK ROYAL HOSPITAL, on Count II, and award:

(a) Compensatory damages;
(b) Punitive damages;
(c) Pre-judgment and post-judgment interest as allowed by law; and
(d) Such other and further relief as this Court deems just and proper.

## COUNT III — NEGLIGENCE

*(Against Kathleen A. Smith, in her official capacity)*

Plaintiff realleges and incorporates by reference paragraphs 1 through 26 above as if fully set forth herein.

39. Westphal, acting within the course and scope of her employment with or representation through the Office of the Public Defender for the Twentieth Judicial Circuit, owed Mr. Baumann a duty to exercise reasonable care in representing him, including a duty to make a reasonable inquiry into the facts of his case, to provide him notice of the hearing, to refrain from waiving his appearance without authority, to refrain from requesting a continuance without authority, and to refrain from making false representations to the court concerning his wishes and capacity.

40. Westphal breached those duties by failing to make any inquiry into the facts of Mr. Baumann's case, by failing to provide notice of the hearing, by waiving his appearance without authority, by requesting a continuance without authority, and by making false representations to the court.

41. Under the doctrine of respondeat superior and section 768.28, Florida Statutes, the Public Defender, in her official capacity, is liable for the negligent acts and omissions of Westphal committed within the course and scope of her employment.

42. As a direct and proximate result of the breach of these duties, Mr. Baumann suffered the damages described above.

WHEREFORE, Plaintiff, JOHN MORTON BAUMANN, respectfully requests that this Court enter judgment in his favor and against Defendant, KATHLEEN A. SMITH, in her official capacity, on Count III, and award:

(a) Compensatory damages;
(b) Punitive damages;
(c) Pre-judgment and post-judgment interest as allowed by law; and
(d) Such other and further relief as this Court deems just and proper.

## COUNT IV — FRAUDULENT MISREPRESENTATION

*(Against Elaine Marie Westphal, individually)*

Plaintiff realleges and incorporates by reference paragraphs 1 through 26 above as if fully set forth herein.

43. At the July 19, 2024 hearing, Westphal made statements of material fact to the court, including that Mr. Baumann had received notice of the hearing, understood his right to attend, understood the nature and purpose of the hearing, had the capacity to knowingly waive his appearance, and had chosen not to attend.

44. Each of these statements was false when made, and Westphal knew the statements were false or made them with reckless disregard for their truth, having had no contact with Mr. Baumann beyond advising him that he was not on her list and having made no inquiry into his case.

45. Westphal made the statements with the intent that the court rely upon them in waiving Mr. Baumann's appearance and in continuing the hearing on the untimely Involuntary Petition.

46. The court justifiably relied upon Westphal's statements in waiving Mr. Baumann's appearance and granting the continuance.

47. Westphal's conduct was committed in bad faith, with malicious purpose, and/or in a manner exhibiting wanton and willful disregard of Mr. Baumann's rights, so as to subject her to individual liability under section 768.28(9)(a), Florida Statutes.

48. As a direct and proximate result of Westphal's fraudulent misrepresentations, Mr. Baumann's appearance was waived, the hearing on the untimely petition was continued rather than dismissed, his confinement was unlawfully prolonged, and he suffered the damages described above.

WHEREFORE, Plaintiff, JOHN MORTON BAUMANN, respectfully requests that this Court enter judgment in his favor and against Defendant, ELAINE MARIE WESTPHAL, individually, on Count IV, and award:

    (a) Compensatory damages;
    (b) Punitive damages;
    (c) Pre-judgment and post-judgment interest as allowed by law; and
    (d) Such other and further relief as this Court deems just and proper.

## COUNT V — VIOLATION OF SECTION 394.459, FLORIDA STATUTES

*(Against Kathleen A. Smith, in her official capacity, and Elaine Marie Westphal, individually)*

Plaintiff realleges and incorporates by reference paragraphs 1 through 26 above as if fully set forth herein.

49. Section 394.459, Florida Statutes, establishes and protects the rights of persons subject to proceedings under the Baker Act, including the right to adequate care, the right to be free from unlawful detention, and the right to the procedural protections afforded by the Act, including the right to notice and to be present and heard.

50. Defendants violated section 394.459 and the rights it secures by failing to provide Mr. Baumann notice of the hearing, by waiving his presence without authority, by misrepresenting his wishes and capacity to the court, and by causing his continued detention after the expiration of the 72-hour

involuntary examination period and after the Involuntary Petition had become untimely and subject to mandatory dismissal.

51. As a direct and proximate result of these violations, Mr. Baumann suffered the damages described above.

WHEREFORE, Plaintiff, JOHN MORTON BAUMANN, respectfully requests that this Court enter judgment in his favor and against Defendant, KATHLEEN A. SMITH, in her official capacity, and ELAINE MARIE WESTPHAL, individually, on Count V, and award:

(a) Compensatory damages;
(b) Punitive damages;
(c) Pre-judgment and post-judgment interest as allowed by law; and
(d) Such other and further relief as this Court deems just and proper.

### COUNT VI — VIOLATION OF 42 U.S.C. § 1983

*(Against Elaine Marie Westphal, individually)*

Plaintiff realleges and incorporates by reference paragraphs 1 through 26 above as if fully set forth herein.

52. The Fourteenth Amendment to the United States Constitution protects Mr. Baumann's liberty interest in freedom from unjustified confinement and guarantees that he not be deprived of liberty without due process of law.

53. Acting under color of state law, Westphal deprived Mr. Baumann of his clearly established constitutional rights, including his right to procedural due process and his liberty interest in freedom from unlawful confinement, by misrepresenting to the court that he had waived his appearance, by causing his appearance to be waived without authority, by requesting an

unauthorized continuance, and by causing his continued confinement after the lawful basis for detention had expired.

54. Westphal's conduct was objectively unreasonable, was undertaken with deliberate indifference to or reckless disregard of Mr. Baumann's constitutional rights, and proximately caused the deprivation of those rights.

55. As a direct and proximate result of Westphal's conduct, Mr. Baumann suffered the damages described above and is entitled to compensatory damages, and to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, JOHN MORTON BAUMANN, respectfully requests that this Court enter judgment in his favor and against Defendant, ELAINE MARIE WESTPHAL, on Count VI, and award:

(a) Compensatory damages;
(b) Punitive damages;
(c) Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;
(d) Pre-judgment and post-judgment interest as allowed by law; and
(e) Such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable as of right.

Respectfully Submitted: July 2, 2026

**THOELE|DRACH**

BY:

_____

**Justin Seth Drach, Esq.**
Florida Bar No. 103016
Email: justin@thoeledrach.com
**Amanda Marie Thoele, Esq.**
Florida Bar No. 75118
Email: amanda@thoeledrach.com
3744 Dupont Station Court S
Jacksonville, FL 32217
Telephone: (904) 600-4384
Facsimile: (904) 306-1355
*Attorneys for Plaintiff*